Alecia Whitaker Winfield, Bar No. 209661
awinfield@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.:    310.553.5583

Attorney for Defendant
SHERATON OPERATING CORPORATION (a Delaware corporation)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LESLEY FURCHI,<br><br>Plaintiff,<br><br>v.<br><br>SHERATON OPERATING CORPORATION, a Delaware corporation; and, DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441 & 1446]** |

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Defendant SHERATON OPERATING CORPORATION ("Sheraton") hereby removes the below referenced action from the Superior Court in the State of California for the County of Los Angeles ("State Court") to the United States District Court for the Central District of California, Eastern Division. This removal is based on 28 U.S.C. sections 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states the following:

//

4882-8189-8245.1 / 063783-1000

## I. STATEMENT OF JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. sections 1332, 1441(a), and 1446(b).

2. This action was filed in the Superior Court for the State of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California (Eastern Division) pursuant to 28 U.S.C. sections 84(c)(1), 1391, 1441 and 1446.

## II. STATUS OF PLEADINGS

3. On November 9, 2021, Plaintiff Lesley Furchi ("Plaintiff") filed a Complaint in State Court entitled *Lesley Furchi vs. Sheraton Operating Corporation (a Delaware corporation) and DOES 1-50, inclusive*, designated as Superior Court Case No. 21STCV41198 ("Complaint"). True and correct copies of the Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment are attached hereto as **Exhibits ("Exhs.") A, B, C, and D** to the Declaration of Alecia Winfield In Support of Defendant's Notice of Removal ("Winfield Decl.") filed concurrently herewith.

4. The Complaint asserts the following claims for relief: Discrimination in Violation of Government Code § 12940, et. seq. ("FEHA"), (2) Retaliation in Violation of FEHA, (3) Failure to Prevent Discrimination in Violation of FEHA, and (4) Wrongful Termination in Violation of Public Policy. (Winfield Decl., ¶ 4, Exh. A; Complaint, ¶¶ 22, 32, 42, and 50).

5. On November 10, 2021, Plaintiff served the Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment on C T Corporation System, the agent for service of

4882-8189-8245.1 / 063783-1000

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2

process for Sheraton.

6. On or about November 10, 2021, Plaintiff filed a Proof of Service for the Complaint. Attached as **Exhibit E** to the Winfield Decl. is a true and correct copy of the Proof of Service Plaintiff filed with the State Court.

7. On December 7, 2021, Defendant filed an Answer in the State Court Action, generally denying Plaintiff's claims of wrongdoing and asserting affirmative defenses. Attached as **Exhibit F** to the Winfield Decl. is a true and correct copy of Defendant's Answer filed with the State Court.

8. The documents attached as **Exhibits A** through **F** to the Winfield Decl. constitute all the process, pleadings, or orders related to this case that were filed and/or served upon Defendant or filed or received in the State Court Action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

9. Defendant is informed and believes that as of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. Because the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal. *Cmty. Bldg. Co. v. Md. Cas. Co.* 8 F.2d 678, 678-79 (9th Cir. 1925) (holding that defendants not yet served in state court action need not join in the notice of removal).

### III. DEFENDANTS' REMOVAL IS TIMELY.

10. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) (holding the 30-day removal period runs from the service of the summons and complaint). Plaintiff served its Summons and Complaint to Defendant on November 10, 2021. (*See* Winfield Decl., ¶ 5, Exh. E). This Notice of Removal is filed within thirty days of November 10, 2021 and is therefore timely.

4882-8189-8245.1 / 063783-1000

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3

## IV.  DIVERSITY OF CITIZENSHIP

11.  This Court has original jurisdiction over this action under the diversity of citizenship statute.  *See* 28 U.S.C. § 1332(a).  The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal.  *See* 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

12.  "Any civil action" commenced in state court is removable if it might have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground.  *See* 28 U.S.C. § 1441(b).  In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.

13.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A.  Plaintiff is a Citizen of California

14.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *see also Id.* at 519-20 (allegation by party in state court complaint of

4882-8189-8245.1 / 063783-1000

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4

residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

15. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. (Complaint ¶ 1). The Complaint states that Plaintiff was "at all relevant times mentioned" a resident of the State of California. *Id.* Plaintiff's personnel records indicate that Plaintiff lived in San Bernardino County in California during her employment with Sheraton. (Declaration of Andres Martinez ("Martinez Decl.") ¶ 2). Furthermore, a public records request performed at the time of filing the removal indicates that Plaintiff is a citizen of San Bernardino County. (Winfield Decl., ¶ 9); *see also, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship). Plaintiff is therefore a citizen of California.

**B.    Defendant Is a Delaware Corporation with Its Principal Place of Business in Bethesda, Maryland.**

16. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters."

17. Defendant is organized as a corporation under the laws of the state of Delaware with its principal place of business in Maryland. (Declaration of Carol Frensilli ("Frensilli Decl." ¶ 3)). Defendant was, at the time of the filing of this action and the instant removal, a citizen of the state of Delaware because Defendant is incorporated and continues to be incorporated under its laws. *Id.* Defendant's corporate headquarters and principal place of business, i.e., the "nerve center" where Defendant performs executive and administrative functions, is located in Bethesda, Maryland. *Id.*

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4882-8189-8245.1 / 063783-1000

5

While Defendant conducts business in California, Defendant is not incorporated under the laws of the State of California and Defendant's principal place of business is not in California. Thus, Defendant is not a citizen of California.

18. Defendants, Does 1 through 50, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

19. As set forth above, Plaintiff is a citizen of California and Defendant is a Delaware corporation and citizen of Maryland, not California. Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

20. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

21. Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000.00, exclusive of interest and costs. Where a Complaint is silent as to the amount in controversy, a defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The Court may consider whether it is facially apparent from the Complaint that the

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4882-8189-8245.1 / 063783-1000

6

jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

22. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in his or her Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)

23. Plaintiff's Complaint seeks, among other damages, general damages, emotional distress damages, special damages, attorneys' fees, pre-judgment and post-judgment interest, punitive damages, and exemplary damages. (Winfield Decl., ¶ 4, Exh. A, ¶¶ 28-31, 38-41, 46-49, 55-57; Prayer for Relief ¶¶ 1-7). To be sure, Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming, arguendo, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332, as set forth below:

24. **Lost Income and Benefits.** Plaintiff alleges to have "suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits. . ." (Complaint ¶ 28). Plaintiff earned $12.00 per hour and was a part-time employee working 20-25 hours per week. (Martinez Decl. ¶ 2). Assuming Plaintiff seeks back pay and the value of benefits from the time of her termination to the present

4882-8189-8245.1 / 063783-1000

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

1  (December 2019 through December 2021), Plaintiff has placed in controversy approximately $31,200, which constitutes approximately ($300 average weekly wages x 104 weeks). Thus, the amount in controversy applicable to Plaintiff's claims for lost wages is approximately $31,200, to date.

25. **Emotional Distress Damages.** Plaintiff seeks damages for the emotional distress she alleges she suffered, which demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims for pain, suffering, and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), overruled on other grounds, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).

26. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), cert denied, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress she suffered because of her alleged termination. (Winfield Decl., ¶ 4, Exh. A, Complaint ¶¶ 29, 39, 47, 56). Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims could add at least $25,000 to the amount in controversy.

27. **Punitive Damages.** Plaintiff also seeks an award of punitive damages. (Winfield Decl., ¶ 4, Exh. A, Complaint, ¶¶ 30, 41, 49, 57; Prayer for relief ¶ 5). Under

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4882-8189-8245.1 / 063783-1000

8

California law, a Plaintiff may recover punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV. CODE § 3294(a); *Oakes v. McCarthy Co.*, 267 Cal.App.2d 231, 263 (1968) ("Fraud alone is an adequate basis for awarding punitive damages."). Punitive damages are included when calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp.332 (S.D. Iowa 1994).

28. In *State Farm vs. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-to-one) was appropriate when issuing an award of punitive damages. Looking to how courts and juries have valued similar claims, Plaintiff's request for punitive damages alone puts a range of $31,200 to $280,800 in controversy (estimating approximately $31,200 in compensatory damages x 9 (ratio for award of punitive damages)). For example, in *Aucina*, *supra*, the District Court held that for purposes of diversity jurisdiction, an employer showed by a preponderance of the evidence that the amount in controversy exceeded $50,000 [the jurisdictional amount at the time] in an employment discrimination and wrongful discharge action in which the plaintiff sought compensatory and punitive damages, attorneys' fees, costs, and interest. In reaching its holding, the Court reasoned that the employer was a Fortune 500 company and, because the purpose of punitive damages was to capture the employer's attention and deter others from similar conduct, it was apparent that the plaintiff's claim for punitive damages alone might exceed $50,000 and additionally, the plaintiff also claimed damages for lost wages, lost benefits, and mental anguish. Taking into consideration that Plaintiff seeks many types of damages in excess to general damages, the amount of damages claimed by Plaintiff meets the minimum amount in controversy.

29. **Attorneys' Fees**. Plaintiff's Complaint also seeks attorneys' fees. (Winfield Decl., ¶ 4, Exh. A, Complaint ¶¶ 31, 40, and 48; Prayer for relief ¶ 3). It is

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4882-8189-8245.1 / 063783-1000

9

well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g., Kroske, supra*, at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be considered to determine jurisdictional amounts). Thus, in determining whether the amount in controversy exceeds $75,000, the Court is permitted to estimate the amount of reasonable attorneys' fees that Plaintiff will incur through trial if she were to prevail on her claims.

30. The Ninth Circuit has recently clarified that a reasonable estimate of future attorneys' fees may be included in the amount in controversy analysis. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-796 (9th Cir. 2018). In *Fritsch*, the Ninth Circuit held that "when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, "'then there is no question that future [attorneys' fees] are 'at stake' in the litigation.'" *Id*. at 794; *see also, Schneider v. Ford Motor Co.*, 2018 U.S. App. LEXIS 34965, fn. 4 (9th Cir. Dec. 12, 2018), *citing*, *Fritsch*, ("The possibility that the putative class members could receive an award of attorneys' fees buttresses our conclusion that the amount in controversy exceeds $5 million"); *In re Volkswagen "clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 31562, *331 (N.D. Cal. Feb. 27, 2019) (following *Fritsch*, using future attorneys' fees to determine amount in controversy, and indicating that "[t]o determine the amount of attorneys' fees at stake, the removing party can provide an 'estimate[] [of] the amount of time that the case will require,' and an estimate of 'plaintiff's counsel's hourly billing rate'"); *Cortez v. United Natural Foods, Inc.*, 2019 U.S. Dist. LEXIS 31540, *22-25 (N.D. Cal. Feb. 27, 2019)(following Fritsch); *Ramirez v. Benihana Nat'l Corp.*, 2019 U.S. Dist. LEXIS 3537, *5-7 (following *Fritsch* and indicating either percentage method or lodestar method are appropriate for determining future attorneys' fees in controversy).

4882-8189-8245.1 / 063783-1000

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10

31. The attorneys' fees alone through trial for any of Plaintiff's causes of action would likely exceed $75,000.00 and could be many times that amount. Among the many ways to demonstrate prevailing market rates, are the following: (1) declarations from local attorneys (*U.S. v. City & County of San Francisco*, 748 F. Supp. 1416, 1431 (N.D. Cal. 1990)); (2) rates awarded to the claiming attorneys in previous actions (*Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999 (1982)); and (3) rates awarded to attorneys of comparable experience in other cases in the same market (*Id*.). In this case, attorneys' fees alone are likely to exceed $75,000.00 should Plaintiff prevail. *See e.g. Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the Fair Employment and Housing Act ("FEHA") for $1,088,231); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA).

32. Thus, by virtue of the claims Plaintiff asserts in this case, the preponderance of evidence demonstrates that she seeks damages far in excess of seventy-five thousand dollars ($75,000.00), and, therefore, removal is proper. *See DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding that removal is proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, are sufficient to support finding that jurisdictional limits are satisfied).

## VI. NOTICE TO STATE COURT AND PLAINTIFF

33. As required by 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4882-8189-8245.1 / 063783-1000

11

the Court for the Superior Court of the County of Los Angeles, California.

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant respectfully petitions the removal of this case from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated: December 9, 2021

LITTLER MENDELSON P.C.

*/s/ Alecia Winfield*
Alecia Winfield

Attorney for Defendant
SHERATON OPERATING CORPORATION (a Delaware corporation)

4882-8189-8245.1 / 063783-1000

12