# EXHIBIT A

21STCV41198

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SHERATON OPERATING CORPORATION, a Delaware Corporation; and, DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LESLEY FURCHI, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Los Angeles
111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**21STCV41198**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam J. Sherman, Esq.; JML Law APLC, 5855 Topanga Canyon Blvd., Ste. 300, Woodland Hills, CA 91367
818-610-8800

DATE: 11/09/2021
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by  C. Monroe , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **SHERATON OPERATING CORPORATION, a Delaware Corporation**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
TEL: (818) 610-8800
FAX: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
jml@jmllaw.com
JARED W. BEILKE, STATE BAR NO. 195698
jared@jmllaw.com
ADAM J. SHERMAN, STATE BAR NO. 316351
asherman@jmllaw.com

Attorneys for Plaintiff
LESLEY FURCHI

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LESLEY FURCHI, an individual,<br><br>Plaintiff<br><br>vs.<br><br>SHERATON OPERATING CORPORATION, a Delaware Corporation; and, DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: **21STCV41198**<br><br>COMPLAINT FOR:<br>1. DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. ("FEHA");<br>2. RETALIATION IN VIOLATION OF FEHA;<br>3. FAILURE TO PREVENT IN VIOLATION OF FEHA; and,<br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>DEMAND FOR JURY TRIAL |

Plaintiff LESLEY FURCHI hereby brings her complaint against the above-named Defendants and states and alleges as follows:

### PARTIES

1. At all relevant times mentioned, real party in interest, Plaintiff LESLEY FURCHI, was and is a resident of the State of California. At all relevant times, Plaintiff was a "person" within the meaning of California Government Code sections 12925, 12940, and any

1
COMPLAINT

other applicable statutes. Plaintiff was also an "employee" within the meaning of California Government Code sections 12926, 12940, and any other applicable statutes.

2. At all relevant times, Defendant SHERATON OPERATING CORPORATION ("Sheraton") was and is a Deleware corporation, operating in and under the laws of the State of California and conducting its business in Pomona, California. Plaintiff is informed, believes, and therefore alleges that Sheraton is headquartered at 10400 Fernwood Road, Bethesda, Maryland 20817. Sheraton was operating a business located at 601 West McKinley Avenue, Pomona, California 91768 ("Location"), where real parties in interest and aggrieved persons worked. At all relevant times, Sheraton was and is an "employer" within the meaning of California Government Code sections 12926, 12940, 12951, and all other applicable statutes, and a "person" subject to Civil Code section 51.9.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under such fictitious names. Plaintiff is informed, believes, and therefore alleges that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable, or otherwise, for the injuries and damages described below to Plaintiff. Plaintiff will seek leave of this Court to show the true names and capacities of these Doe defendants when they have been ascertained.

4. Plaintiff is informed, believes, and therefore alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each defendant are legally attributable to the other defendants.

5. Unless otherwise specified, any reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## JURISDICTION AND VENUE

6. The Court has jurisdiction in this matter pursuant to Code of Civil Procedure section 410.10 because the incident and/or damages occurred within the City of Pomona,

1 County of Los Angeles, State of California.

2     7. Venue is proper in this Court pursuant to the provisions of Code of Civil Procedure sections 395 through 395.5, in that the incident occurred and Defendants' obligations and liability arose in the City of Pomona, County of Los Angeles, State of California.

    8. The amount of damages sought by this Complaint exceeds the minimum jurisdictional limits of this Court.

## ALLEGATIONS

    9. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

    10. Plaintiff was born in 1968.

    11. Defendants hired Plaintiff on or around November 30, 2019 as a bartender. Throughout her entire employment with Defendants, Plaintiff performed her job duties admirably. Prior to working for Defendants, Plaintiff was a certified bar tender, who had three certifications at the time she worked for Defendants.

    12. Throughout Plaintiff's entire employment with Defendants, Robert Lowry, the Food and Beverage Director, was Plaintiff's supervisor.

    13. On or about December 6, 2019, Plaintiff arrived at work in uniform, ready to bartend. Edwin, last name unknown, was going to train Plaintiff that day. Lowry came up to Edwin and Plaintiff, and told Edwin to have Plaintiff transport approximately 60 full racks of glassware, 14 cases of beer, and prepare several bars for the event. These tasks were not a part of Plaintiff's job description, and are typically performed by barbacks and/or housemen. No other bartenders were told to perform these tasks, and Plaintiff is informed, believes, and therefore alleges that she was singled out to do so because of her age.

    14. Furthermore, Lowry kept changing Plaintiff's schedule that day, making it severely more burdensome. In addition, Lowry knew that Plaintiff was working another job and that all the last-minute changes to her schedule was interfering with her other job. Plaintiff is informed, believes, and therefore alleges, that a substantial motivating factor, if not the sole factor, for Defendants' changing Plaintiff's schedule was because of Plaintiff's age.

15. Later that day, Plaintiff was working next to Almminscky, last name unknown, another bartender, serving guests/customers. Haley, last name unknown, a banquet specialist, came over, pointed at the two bartenders, and in front of all the staff, guests, and customers, said something to the effect of, "Hey look! It's the young one and the old one!" Plaintiff was extremely embarrassed and offended.

16. Plaintiff is informed, believes, and therefore alleges that Almminscky was in her late 20's at the time. Plaintiff is informed, believes, and therefore alleges that Haley, last name unknown, was in her late 20's at the time.

17. On or about December 7, 2019, Lowry again had Plaintiff perform work that was not part of her job duties, and that Defendants had no other bartender perform. Plaintiff had to again move approximately 60 racks of glassware. She was instructed to perform significant manual labor, back and forth between buildings, while it was raining, in her uniform. As a result, she had to start working as a bartender soaking wet, completely embarrassed, and crying.

18. Later that same night, Ernesto, last name unknown, was extremely rude and harassing to Plaintiff. He made many non-job related, inappropriate comments to her throughout the night. Plaintiff is informed, believes, and therefore alleges that Ernesto was hostile towards Plaintiff because of her age.

19. On or about December 9, 2019, Plaintiff sent an email to Deborah Dimacali, human resources ("HR") manager, and Lowry specifically complaining about age discrimination, harassment, and retaliation. Plaintiff is informed, believes, and therefore alleges that Defendants ignored this complaint and never investigated it.

20. On or about December 13, 2019, Plaintiff came to work in uniform, ready to work. Lowry brought Plaintiff to a conference room with another individual, name unknown, who worked in security. Lowry told her that Defendants were terminating her employment. Plaintiff is informed, believes, and therefore alleges that Defendants terminated Plaintiff because of her age and in retaliation for reporting age discrimination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Plaintiff timely filed a complaint with the State of California, Department of Fair

Employment and Housing ("DFEH"), on or about June 16, 2021. The DFEH issued Plaintiff a right to sue letter on or about the same day. Plaintiff has filed this Complaint timely, pursuant to the right to sue letter.

## FIRST CAUSE OF ACTION

### Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

22. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

23. At all times herein mentioned, Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five (5) or more persons.

24. California Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed at least five people.

25. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of disability and/or medical condition. Cal. Gov't Code § 12940. The FEHA includes protection from discrimination for actual or perceived impairment that is disabling, potentially disabling, or perceived to be disabling. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of, among other things, an individual's age.

26. Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of Plaintiff's disability and/or perceived disability. Defendants engaged in unlawful employment practices in violation of the FEHA by demoting, refusing to transfer, refusing to promote, and ultimately terminating Plaintiff on the basis of Plaintiff's actual and/or perceived disability and need for an accommodation.

27. Plaintiff is informed, believes, and therefore alleges that Plaintiff's actual and/or perceived disability, need for, and/or request for an accommodation was a substantial

motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of the FEHA.

28. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

29. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, in an amount subject to proof at the time of trial.

30. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

31. As a direct and/or proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is

entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

## SECOND CAUSE OF ACTION

### Retaliation

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

32. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

33. At all relevant times mentioned, Government Code sections 12940 et seq. were in full force and effect and were binding on Defendant, as Defendant regularly employed five (5) or more persons. Government Code section 12940(h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

34. At all relevant times mentioned, Government Code section 12940(l) makes it unlawful for any person to retaliate against an employee who has requested accommodation, regardless of whether the request was granted.

35. Plaintiff opposed Defendant's discrimination of Plaintiff.

36. Plaintiff engaged in a protected activity by requesting accommodation for Plaintiff's disability.

37. Plaintiff suffered an adverse employment action, including but not limited to, refusal to transfer, failure to promote Plaintiff, the demotion of Plaintiff, and termination. A substantial motivating factor in Defendant's negative/adverse employment actions imposed on Plaintiff was Plaintiffs opposition to discrimination and/or request for accommodation. Therefore, Defendants' conduct constituted unlawful retaliation on account of Plaintiff's disability, request for accommodation, and opposition to discrimination in violation of Government Code section 12940(h) and 12940(l).

38. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

39. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

41. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon Defendant's employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

## THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

42. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

43. At all times mentioned herein, Government Code section 12940 et seq. including but not limited to sections 12940(j) and 12940(k), was in full force and effect and was binding upon Defendants, and each of them. These sections impose a duty on an employer to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

44. Defendant failed to take immediate and appropriate corrective action to end the discrimination and harassment. Defendant also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

45. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment, and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated Government Code section 12940(j) and 12940(k), causing Plaintiff to suffer damages.

46. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288, and/or any other provision of law providing for prejudgment interest.

47. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and

embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

48. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965(b).

49. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION
### Wrongful Termination
### In Violation of Public Policy
### (Against All Defendants)

50. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth here.

51. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code section 12940 et seq., is to prohibit employers from discriminating, harassing, and retaliating against any individual on the basis of

disability and/or engagement in a protected activity. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

52. California Government Code § 12920 states: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status. It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general."

53. California Government Code § 12921(a) states: "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right."

54. Accordingly, Defendants' actions were wrongful and in contravention of the express public policy of the State of California, specifically, the policy set forth in California and the laws and regulations promulgated thereunder.

55. As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288, and/or any other provision of law providing for prejudgment interest.

56. As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and therefore alleges that Plaintiff will continue to experience physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. Plaintiff is informed, believes, and therefore alleges that Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on the protected classes identified in the FEHA. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For attorneys' fees, according to proof;
4. For prejudgment and post-judgement interest, according to proof;
5. For punitive and exemplary damages, according to proof;
6. For costs of suit incurred herein; and
7. For such other relief and the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| DATED: November 9, 2021 | JML LAW, A Professional Law Corporation<br><br>By: _/s/ Adam Sherman_<br>JOSEPH M. LOVRETOVICH<br>JARED W. BEILKE<br>ADAM J. SHERMAN<br>Attorneys for Plaintiff |